United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 22, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-33611 |
| SANDY NGUYEN, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| NEWTEK SMALL BUSINESS FINANCE LLC, | § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3226 |
| | § | |
| SANDY NGUYEN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT SANDY NGUYEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on the motion of Defendant Sandy Nguyen, Debtor in the above referenced Chapter 11 bankruptcy, to grant summary judgment relief denying an objection to discharge by Plaintiffs Newtek Small Business Finance LLC ("Newtek") and CCC Real Estate Holding Co. LLC ("CCC") (collectively, "Plaintiffs"). Defendant Nguyen additionally requests the Court grant declaratory relief in her favor finding that she and Kim Howard Corporation ("KHC") are entitled to a release of the UCC liens filed by Newtek. For the reasons described below, Defendant's Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 and Federal

Rule of Bankruptcy Procedure 7056[1] is granted in part and denied in part.

## BACKGROUND

Plaintiff Newtek was the lender in two Small Business Association ("SBA") loans to KHC.[2] The first SBA loan ("Note 494") was made on December 7, 2017 for an original principal amount of $2,300,000.[3] The deed of trust signed in connection with the loan granted Newtek a security interest in the real property and personal business property located at 9130 Wayfarer Lane, Suite A, Houston, Texas 77075.[4] The encumbered property was defined to include "all machinery, equipment, fittings, furniture, fixtures, and other property of every kind and nature whatsoever, in any way belonging, relating or pertaining to the Premises."[5] Newtek was the lender in a second SBA loan ("Note 228") to KHC on June 28, 2019 for an original principal amount of $850,000.[6] The loan was secured by KHC's personal business property including all equipment.[7]

At the time the second loan was made, KHC, Howard Nguyen, and Defendant Sandy Nguyen signed a cross-collateralization and cross-default agreement in which they agreed that all collateral securing Note 494 would secure the obligations under Note 228 and all collateral securing Note 228 would secure the obligations under Note 494.[8] The agreement further provided that any default under either loan would become a default on both loans.[9]

---

[1] ECF No. 27.
[2] ECF No. 27-3; ECF No. 27-4.
[3] ECF No. 27-3 at 1.
[4] ECF No. 27-5 at 1–5.
[5] ECF No. 27-5 at 3.
[6] ECF No. 27-4.
[7] ECF No. 27-7 at 1.
[8] ECF No. 27-8.
[9] ECF No. 27-8.

Howard Nguyen executed an unconditional guarantee on the first SBA loan which provided he unconditionally guaranteed payment to Newtek of all amounts due under the Note 494.[10] Both Howard Nguyen and Defendant Sandy Nguyen executed unconditional guarantees on the second SBA loan.[11] The guarantees likewise provided that both guarantors unconditionally guaranteed payment to Newtek of all amounts due under the Note 228.[12]

On May 4, 2023, Newtek sent KHC, Howard Nguyen, and Defendant Sandy Nguyen a Notice of Default.[13] On November 3, 2023, Newtek sent KHC and the Nguyens a letter giving notice that, because it had not received timely payments, the Notes had been accelerated.[14] The letter provided that Newtek would proceed with a foreclosure of the mortgaged property and it would exercise all rights for the collection and enforcement of its security interest in KHC's collateral.[15] Additionally, it demanded that "all of Borrower's inventory, equipment or vehicles be assembled for an immediate, peaceful repossession by Newtek" and that "[i]n the event any inventory, equipment or vehicles ha[d] been sold, transferred or conveyed to any third party, Newtek demand[ed] that th[e] Collateral be assembled for immediate, peaceful repossession by Newtek."[16]

On January 11, 2024, Newtek sent KHC and the Nguyens a Notice of Substitute Trustee's Sale for a foreclosure sale to occur on February 6, 2024.[17] In the notice, Newtek described the property to be sold:

> WHEREAS, by Deed of Trust (herein "Deed of Trust") dated December 7, 2017, filed for record under Clerk's file No. RP-2017-544965 of the Official Public Records of

---

[10] ECF No. 30-2.
[11] ECF No. 30-3; ECF No. 30-4.
[12] ECF No. 30-3 at 1; ECF No. 30-4 at 1.
[13] ECF No. 30-5.
[14] ECF No. 30-6.
[15] ECF No. 30-6 at 2.
[16] ECF No. 30-6 at 3.
[17] ECF No. 27-9.


> Harris County, Texas, KIM HOWARD CORPORATION as Grantor, conveyed to ANN JOHNSON and DIANA KLOTZMAN, as Trustees, for the benefit of NEWTEK SMALL BUSINESS FINANCE, LLC ("Lender"), certain real property situated in Harris County, Texas, and being more commonly known as 9130 Wayfarer Lane, Suite A, Houston, TX 77075 and being more particularly described as follows (the "Property"): All of RESTRICTED RESERVE "A", BLOCK 1, KIMHOWARD ESTATES AMENDING PLAT No. 1, a subdivision in Harris County, Texas according to the map or plat thereof recorded under Film Code Number 641052 of the Map Records of said County . . .[18]

The "property" was then sold at the foreclosure sale to CCC, a subsidiary of Newtek, for $3,621,601.46.[19]

After foreclosure, Newtek sent KHC a Notice to Vacate and later a demand for KHC to pay rent for the continued use of the mortgaged property.[20]  On May 14, 2024, counsel for KHC sent Newtek notice that the mortgaged property had been vacated.[21]  KHC moved to a new business location and relocated equipment previously located at 9130 Wayfarer Lane to the new business location.[22]

On August 15, 2024, Ms. Nguyen filed a voluntary petition under Chapter 13 of Title 11 of the United States Bankruptcy Code.[23]  On November 4, 2024, the Court granted Ms. Nguyen's motion to convert her Case to a Chapter 11 bankruptcy.[24]

On November 8, 2024, Plaintiffs Newtek and CCC filed an adversary proceeding against Ms. Nguyen. Plaintiffs' complaint seeks a judgment declaring that the debt owed to Plaintiffs by Ms. Nguyen is an

---

[18] ECF No. 27-9 at 1.
[19] ECF No. 27-10 at 2.
[20] ECF No. 30-9; ECF No. 30-10.
[21] ECF No. 30-1 at 4.
[22] *See* ECF No. 30-1 at 4; ECF No. 30-12.
[23] Case No. 24-33611, ECF No. 1.
[24] Case No. 24-33611, ECF No. 44.

exception to the discharge provided to her in the underlying bankruptcy case.[25] Under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6), Plaintiffs seek a finding that their conversion claims against Ms. Nguyen are non-dischargeable.[26]

Ms. Nguyen filed a Motion for Partial Summary Judgment on October 15, 2025.[27] In it, she contends that there is no basis for non-dischargeability under § 523(a)(2)(A) and 523(a)(6) because she justifiably believed that only the real property was sold at the foreclosure sale.[28] Additionally, she requests the Court grant declaratory judgment in her favor finding that she and KHC are entitled to a release of the UCC liens Newtek filed. In its response, Newtek asserts that the trustee's sale conveyed all property described in the December 2017 deed of trust, which included the personal business property removed by Ms. Nguyen after the foreclosure.[29] Newtek contends that because the equipment was conveyed to CCC at the foreclosure sale, and because Ms. Nguyen removed the equipment from the foreclosed premises, there is a genuine issue of material fact as to Ms. Nguyen's fraudulent, willful, and malicious conduct with regard to the equipment.[30]

## JURISDICTION

28 U.S.C. § 1334(a) provides the district courts with jurisdiction over this proceeding. 28 U.S.C. § 157(b)(1) states: "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and

---

[25] ECF No. 1.
[26] ECF No. 1 at 12–14.
[27] ECF No. 27.
[28] ECF No. 27 at 13.
[29] ECF No. 30 at 19. In its response, Newtek contends it is not seeking a discharge to the indebtedness that was owed by Ms. Nguyen because of the unconditional guarantee but is seeking an exception to discharge as to the conversion damages in the amount of the fair market value of the personal business property allegedly taken by Ms. Nguyen.
[30] ECF No. 30 at 19.

judgments, subject to review under section 158 of this title." This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012). This Court has jurisdiction in this proceeding as it is a core proceeding which the Court can consider under 28 U.S.C. §§ 157(b)(2)(A), (I) and (J). The Court has constitutional authority to enter final orders and judgments. *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## LEGAL STANDARD

A party may move for summary judgment by identifying each claim or defense on which summary judgment is sought. FED. R. CIV. P. 56(a); FED. R. BANKR. P. 7056. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In determining whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to a nonmoving party. *Gray Law LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009).

The substantive law determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, only disputes over facts that could affect the outcome of the suit will preclude a summary judgment ruling. *Id.* Summary judgment is inappropriate when there is a genuine dispute about the material facts such that a reasonable jury could return a verdict for the nonmoving party. *Id.* At summary judgment, the court is tasked with determining if there is a genuine dispute for trial rather than weighing the credibility of the evidence. *Id.* at 249.

In a motion for summary judgment, the movant has the initial burden of production and the ultimate burden of persuasion on the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 330 (1986). The movant must point to the evidence, or lack of evidence, which demonstrates there is no genuine issue of material fact. *Id.* at 323. It may accomplish this by producing evidence that negates an essential

element of the non-moving party's claim, or by showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.[31]

If the movant carries its burden of production, the respondent must produce sufficient evidence to support its claim or defense. *Id.* at 324. The responding party may not simply rest on the allegations or denials in their pleadings but instead must point to specific facts that prove there is a genuine issue for trial. *See First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the movant wins the motion. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

## DISCUSSION

Section 523(a) of the Bankruptcy Code provides a list of various exceptions to the discharge of a debtor's debts under the Code. *See* 11 U.S.C. § 523 ("Exceptions to discharge"). Plaintiffs Newtek and CCC filed the instant adversary case objecting to the discharge of their claim in Ms. Nguyen's bankruptcy case. Newtek alleges that because § 523(a)(2)(A) and § 523(a)(6) apply their claim is excepted from discharge. Ms. Nguyen filed a Motion for Partial Summary Judgment

---

[31] In *Celotex Corp. v. Catrett*, the Supreme Court explained:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.* at 322–23.

contending there is no genuine issue of material fact as to whether the two exceptions apply. We will take each exception in turn.

### A. Section 523(a)(2)(A)

Section 523(a)(2)(A) provides that a discharge under 11 U.S.C. § 1141 does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). When defining the elements of § 523(a)(2)(A) courts have generally considered actual fraud distinguishable from false pretenses and false representations. *See Recoveredge, L.P. v. Pentecost*, 44 F.3d 1284, 1292–93 (5th Cir. 1995). A debtor's representation was a false representation or false pretense if it was "(1) a knowing and fraudulent falsehood, (2) describing past or current facts, (3) that was relied upon by the other party." *Id.* at 1293 (citation modified). To establish a debtor committed "actual fraud" under § 523(a)(2)(A) a creditor must show: "(1) the debtor engaged in fraudulent conduct; (2) the debtor undertook such action with wrongful intent; and (3) the creditor sustained a loss as a proximate result." *In re Jenkins*, 607 B.R. 270, 283 (Bankr. N.D. Tex. 2019).

The Court finds that summary judgment is appropriate against Plaintiffs' non-dischargeability claims under § 523(a)(2)(A). Other than alleging that the § 523(a)(2)(A) exception applies, Newtek has not pointed to any evidence that supports an argument that KHC's loans were obtained by Ms. Nguyen's false representation, false pretenses, or through any actual fraud. In fact, Newtek does not pursue this argument but instead argues that Ms. Nguyen's wrongful actions occurred after origination—when Ms. Nguyen allegedly converted the equipment. At the summary judgment hearing, the Court asked Newtek for clarification on whether it was arguing that Ms. Nguyen obtained

any loans or lines of credit through fraud or false representations and Newtek conceded it was not pursuing this argument.[32]

Therefore, because Newtek has not pointed to any evidence to support the elements of § 523(a)(2)(A), there is no genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 322. Defendant's motion for summary judgment is granted as to Plaintiffs' claim under § 523(a)(2)(A).

### B. Section 523(a)(6)

Under § 523(a)(6) an individual debtor is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). A willful injury is a deliberate or intentional injury not just a deliberate or intentional act that leads to an injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). A claimant proves a willful and malicious injury if they establish the party acted with an objective substantial certainty of harm or a subjective motive to cause harm. *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 606 (5th Cir. 1998).

Here, Newtek alleges that Ms. Nguyen's actions fall under the § 523(a)(6) exception because she converted the personal business property Newtek foreclosed on and sold to CCC. Ms. Nguyen moves for summary judgment alleging there is no genuine issue of material fact as to whether her actions were willful and malicious.[33] Her argument focuses on her belief that the personal business property was not foreclosed on and sold to CCC. She basis this belief on the Notice of Substitute Trustee's Sale, which she contends did not describe the personal business property as "property" to be sold. She alleges only the real property was sold to CCC since the Notice dictated it would convey the real property, and it defined the "property" to be sold as the real property.

---

[32] *See* ECF No. 36, at 3:17:00–3:18:34 (Motion for Partial Summary Judgment Hearing Nov. 18, 2025, at 3:01:39 PM).

[33] *See* ECF No. 27 at 13.

Newtek, however, contends it gave Ms. Nguyen proper notice that it intended to foreclose on both the real property and personal business property.[34] It evidences Ms. Nguyen's knowledge of Newtek's intent by pointing to the notices and demand sent to Ms. Nguyen and KHC and the fact that it had an appraiser come to the property to value the equipment before the foreclosure. At the summary judgment hearing, Newtek fervently asserted Ms. Nguyen knew Newtek intended to foreclose on the personal property, she knew that both the real property and personal business property were sold to CCC, and despite this knowledge she took the equipment to her new business location.

The Court, however, holds that there is no genuine issue of material fact as to whether Ms. Nguyen's actions were willful and malicious. Although Newtek argues that Ms. Nguyen knew it intended to foreclose on and allegedly did foreclose on the personal business property, it fails to point to sufficient evidence that Ms. Nguyen's actions rose to the level of willful and malicious behavior.

Under § 523(a)(6), Plaintiffs must prove that Ms. Nguyen's actions were willful and malicious, that is, that she intended to cause Newtek or CCC harm. *See Kawaauhau*, 523 U.S. at 61. Evidence of Ms. Nguyen's knowledge that Newtek intended to foreclose on the personal business property is insufficient. Plaintiffs must instead point to evidence that Ms. Nguyen took the equipment because she had a substantial certainty it would cause Newtek or CCC harm. *See Miller*, 156 F.3d at 606. There is simply not enough evidence for a reasonable jury to find that Ms. Nguyen willfully and maliciously injured Newtek or CCC by moving equipment she believed had not been foreclosed on. *See Anderson*, 477 U.S. at 248.

Ms. Nguyen argues her actions were not willful or malicious because she had a good faith belief that the personal business property was not foreclosed on. The Court agrees. The Notice of Substitute Trustee's Sale does not make any mention of personal business property

---

[34] *See* ECF No. 30 at 15, 18–19.

and instead solely states that the real property is to be conveyed.[35] Further, the "property" as defined in the Notice describes the property to be sold as the real property located at 9130 Wayfarer Lane, Suite A, Houston, TX 77075.[36]

Even if we agree with Newtek that it did foreclose on the personal business property, and that Ms. Nguyen converted the equipment, there is no evidence before this Court to show that Ms. Nguyen's conversion of the property rose to the level of a willful and malicious conversion. Courts have found that a technical conversion can still lack the elements of willfulness and maliciousness. *See Dahlgren & Co. v. Lacina (In re Lacina)*, 162 B.R. 267, 274 (Bankr. D.N.D. 1993); *Oetker v. Bullington (In re Bullington)*, 167 B.R. 157, 161 (Bankr. W.D. Mo. 1994). Plaintiffs must do more than merely allege in their papers that Ms. Nguyen acted willfully and maliciously, it must point to evidence that supports such a conclusion. *See First Nat'l Bank*, 391 U.S. at 289.

Here, because Plaintiffs have failed to demonstrate there is any evidence Ms. Nguyen willfully and maliciously converted the property—an essential element under § 523(a)(6)—there is no genuine issue of material fact. Therefore, Defendant's motion for partial summary

---

[35] ECF No. 27-9 at 1.
[36] In its response, Newtek argues that their foreclosure included both the real property and the personal business property because the Deed of Trust was referred to in the Notice of Sale. ECF No. 30 at 13. It contends the instant case is similar to *D&R Constructors* because there the personal property was part of the foreclosure even though the Notice of Substitute Trustee's Sale only referred to the real property and improvements. ECF No. 30 at 14; *D&R Constructors, Inc. v. Tex. Gulf Energy, Inc.*, No. 01-15-00604-CV, 2016 Tex. App. LEXIS 9611, at 53 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, pet. denied) (mem. op.). Plaintiffs attached the Notice of Sale in *D&R Constructors* to their response but failed to point out that there the definition of the "property" to be sold included a specific reference to property in the Deed of Trust, whereas here, the definition of "property" in the Notice does not include any specific reference to the Deed of Trust. ECF No. 30-16 at 1; ECF No. 27-9 at 1. It only includes a description of the real property to be conveyed. Furthermore, in *D&R Constructors*, unlike here, whether the personal business property was part of the foreclosure sale was not a challenged issue. *See D&R Constructors, Inc.*, 2016 Tex. App. LEXIS 9611, at 53–56.

judgment is granted as to Plaintiffs' non-dischargeability claim under § 523(a)(6).

### C. Declaratory Relief

Under 28 U.S.C. § 2201(a), federal courts may declare the rights and other legal relations of a party seeking declaration. *See* 28 U.S.C. § 2201(a); *AVR AH LLC v. Nineteen77 Cap. Sols. A LP (In re Strudel Holdings LLC)*, 659 B.R. 659, 689 (Bankr. S.D. Tex. 2024). In Texas, courts have authority to grant declaratory judgment under the Texas Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code § 37.003(a).

Ms. Nguyen seeks a declaratory judgment finding that she and KHC are entitled to releases of the UCC liens following the foreclosure sale.[37] KHC, however, is not a party to this adversary proceeding and the Court lacks jurisdiction to grant a nonparty declaratory relief.[38] Therefore, the Court cannot grant Ms. Nguyen's request for a declaratory judgment.[39]

---

[37] ECF No. 27 at 9–11.

[38] Ms. Nguyen filed a counterclaim seeking a declaratory judgment pursuant to the Texas Uniform Declaratory Judgments Act under Chapter 37 of the Texas Civil Practice and Remedies Code. Section 37.006 of the Act provides: "When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding." Tex. Civ. Prac. & Rem. Code § 37.006. KHC would be affected by the requested declaratory relief but is not a party—as required by the code.

[39] The parties concede the underlying debts were fully satisfied after the foreclosure sale. To the extent Ms. Nguyen seeks a release from her guarantee of Note 228, and there is no principal debt, there is no longer a need for a guarantee from Ms. Nguyen. *See Smith v. Joplin*, 879 F.2d 159, 161 (5th Cir. 1989). Further, the unconditional guarantee provides: "This Guarantee remains in effect until the Note is paid in full." ECF No. 30-4 at 1. This Court, however, cannot grant declaratory relief as to what rights and releases KHC is owed because it is not a party to this adversary proceeding.

## CONCLUSION

For the reasons described above, the Court GRANTS Defendant's Partial Motion for Summary Judgment as to Plaintiffs' claims under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6) and DENIES, WITHOUT PREJUDICE, Defendant's request for declaratory judgment. A separate order will be entered.

SIGNED 12/22/2025

_____
Alfredo R Pérez
United States Bankruptcy Judge